UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO HERNANDEZ,<br><br>  Plaintiff,<br><br> v.<br><br>RAJJOT SWEET & SNACKS, INC., et al.,<br><br>  Defendants. | Case No. 24-cv-00512-EKL<br><br>**ORDER TO SHOW CAUSE** |

On January 26, 2024, Plaintiff filed the complaint in this case. *See* ECF No. 1. Under Federal Rule of Civil Procedure 4(m), Plaintiff had 90 days from the date the complaint was filed to serve Defendants. On April 25, 2024, Plaintiff requested a 60-day continuance of the initial case management conference to complete service, which the Court granted. ECF Nos. 10, 12.

On April 26, 2024, Plaintiff filed proofs of service for Defendants Ashwani Sharma, Indra Sharma (together, the "Sharmas"), and Rajjot Sweet & Snacks, Inc., a California corporation ("Rajjot"). ECF No. 11. On June 7, 2024, Plaintiff filed proofs of service for Defendants Tek Gill ("Gill") and Balbinder Kaur ("Kaur"). ECF No. 13. On June 13, 2024, the Clerk of Court entered the defaults of the Sharmas and Gill, but declined Plaintiff's request to enter the defaults of Rajjot and Kaur. ECF Nos. 15-17. The Clerk noted that Plaintiff did not serve Rajjot's agent for service of process, ECF No. 16, and did not attach a declaration of due diligence to the proof of substitute service for Kaur, ECF No. 17.

On July 25, 2024, Plaintiff filed a case management statement indicating that he intended to correct the service defects as to Kaur and Rajjot. ECF No. 18. On October 15, 2024, Plaintiff filed a motion for default judgment against Gill and the Sharmas. Mot. for Default J., ECF No. 24 ("Mot."). Plaintiff stated in the motion that he was "in the process of correcting service" as to

Kaur, Mot. at 3, and was "reserving the summons and complaint" as to Rajjot, *id*. at 4.

Over three months later, on January 22, 2025, Plaintiff filed a declaration by counsel indicating that Plaintiff was still attempting to serve Kaur and Rajjot. ECF No. 26. On April 29, 2025, Plaintiff filed another declaration by counsel stating that Plaintiff was unable to serve Kaur, and "a default need not proceed as against" Kaur. Decl. of Tomas E. Margain ¶ 7, ECF No. 29 ("Margain Decl."). Counsel also stated that Gill is Rajjot's agent for service; and Rajjot was "properly served" when Gill was personally served with process on May 10, 2024. *Id*. ¶¶ 4-6. Counsel stated further that he was "in the process of having [the] process server amend the Proof of Service to reflect service on [Gill] on behalf of [Rajjot]." *Id*. ¶ 6. On April 30, 2025, this case was reassigned to the undersigned.

As of the date of this Order, Plaintiff has taken no further actions as to either defendant. Although Plaintiff has indicated that he does not intend to pursue service of or default against Kaur, *see* Margain Decl. ¶ 7, Plaintiff has not requested dismissal of Kaur from this action. Nor has Plaintiff filed a proof of service as to Rajjot.

Accordingly, Plaintiff is hereby ORDERED TO SHOW CAUSE, in writing and no later than June 11, 2025, why his claims against Defendants Kaur and Rajjot should not be dismissed without prejudice for lack of timely service and failure to prosecute. The Court will discharge this Order if Plaintiff files a proof of service as to Rajjot,[1] and a voluntary dismissal of Kaur, by the June 11 deadline.

**IT IS SO ORDERED.**

Dated: May 20, 2025

_____
Eumi K. Lee
United States District Judge

---

[1] The Court notes that Rajjot must be served independently through its agent for service of process, or any other person designated to receive service on behalf of the corporation. *See* Cal. Civ. Proc. Code § 416.10. Merely amending a proof of service may be insufficient if the corporation was not separately served with a copy of the summons and complaint.

2